LOURIE, Circuit Judge,
dissenting.
I respectfully dissent from the majority’s holding that the scope of a claim in reissue is to be judged for recapture purposes by comparison with the claim as originally filed. When the originally filed claim has been amended, especially when the amendment was made in order to obtain allowance, a later reissue claim should be compared with the issued claim in order to determine whether it has been broadened and hence constitutes recapture of surrendered subject matter.
Reissue-recapture law, now encumbered by a variety of cases and writings, should basically not be complicated. Its application, though, is more difficult. Simply stated, if a patent applicant surrenders subject matter during prosecution, and then attempts to recapture part of what is surrendered, he should be denied that attempt because of the recapture rule. On the other hand, if the reissue also attempts to significantly narrow the broadened claim over what has been patented, in other ways than pertain to the point of broadening, the so-called third prong of the recapture analysis, then recapture may be avoided because the claims overall are not broader than what is claimed in the issued patent.
The majority relies for its conclusion here on In re Mostafazadeh, which used the term “original” in noting what a reissue claim should be measured against for the third prong. 643 F.3d 1353, 1358-59 (Fed.Cir.2011). But it makes no sense to compare a reissue claim to an original, pre-issued claim in this context. The original claim is only history as far as later narrowing is concerned. What should count is only whether a reissue claim is in toto broadened in relation to the issued claim. In accordance with these principles, the Mostafazadeh court held that the applicants in that case violated the recapture rule because the reissue claims were broader than the issued patent claims regarding the surrendered subject matter and were not “materially narrowed in a way that avoid[ed] recapture of the surrendered subject matter.” Id. at 1361 (citing N. Am. Container, Inc. v. Plastipak Packaging, Inc., 415 F.3d 1335, 1350 (Fed.Cir. 2005), Pannu v. Storz Instruments, Inc., 258 F.3d 1366, 1372 (Fed.Cir.2001), and In re Clement, 131 F.3d 1464, 1471 (Fed.Cir. 1997)). Indeed, the cases relied on by Mostafazadeh likewise held that the “materially narrowing” inquiry focuses on whether the reissue claims were narrowed in any material respect compared to the issued patent claims, not the originally-filed claims. E.g., Pannu, 258 F.3d at 1372 (holding that recapture rule applied when “the reissued claims were not narrowed in any material respect compared *1349 with their broadening”); N. Am. Container, 415 F.3d at 1349-50 (holding that recapture rule applied to reissued claims that had been “enlarged” and were not “materially narrowed in other respects”). Thus, the majority’s extension of dicta in Mostafazadeh is unwarranted.
The point of surrender and recapture is to ensure that an applicant does not amend a pending claim, surrender part of it in order to obtain issuance, and then file a reissue application broadening the issued claim over what he accepted in the Patent Office. It is broadening over the issued claim, not the originally filed claim, that should count. Moreover, concepts such as total or partial modification of a claim, and “overlooked aspects” of a claim are only tools for dealing with the basic concept of surrender, broadening, and recapture rather than basic rules.
Here, materially narrowing was not at issue because the limitations added by the patentee during reissue corresponded to limitations already present in the issued claims. Board Decision, 2010 WL 3503790, at 19-20. The originally-filed claim reciting a selection means did not limit that means to means for causing characters to cycle forward and backward. That limitation was inserted to overcome a rejection over the Reed, Young, and Vogel references. But, once that patent issued with the cycling limitation, the reissue claim replacing cycling with the broader changing limitation was a broadening. What matters is that it was a broadening over the issued claim reciting cycling, not a broadening over the originally-filed claim without the cycling limitation. By comparing the reissue claim to the originally-filed claim, the majority has drawn the wrong conclusion from Mostafazadeh and further complicated the law of reissue-recapture.
The Board found that reissue claims 24-27, 29-43, and 45-55 broadened surrendered subject matter and were not materially narrowed in other respects to avoid recapture. Those conclusions were not lacking in substantial evidence or contrary to law. I would therefore affirm the Board’s decision. Accordingly, I respectfully dissent.